**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-761C

(Filed: August 2, 2017)

```
*******************************
                              *
CRAIG FOWLER EL,              *
on behalf of decedent, LORD   *
MICHAEL RUFFIN EL             *
                              *
                              *
            Plaintiff,        *
v.                            *
                              *
THE UNITED STATES,            *
                              *
            Defendant.        *
                              *
*******************************
```

**FILED**
**AUG - 2 2017**
U.S. COURT OF FEDERAL CLAIMS

## DISMISSAL ORDER

On June 5, 2017, *pro se* Plaintiff Craig Fowler El filed a complaint in this Court on behalf of decedent Lord Michael Ruffin El. Mr. Fowler El alleges that the Government has violated "Article 2-Northwest Ordinance," "Article 5 of the Treaty of Paris 1783", and "Article 6 of the Articles of Confederation". Compl. at 1. According to Mr. Fowler El, his family created a "Private Eleemosynary Corporation" in accordance with the above Articles which entitles him to "all US Southwest Pueblo Property". Id. Mr. Fowler El now seeks all "'Proceeds' of Captured and Abandoned property by Royal Grant of King William III . . . ." Id.

Because Mr. Fowler El is proceeding *pro se*, the Court must liberally construe his pleading to "see if [he has] a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Fowler El's complaint carefully; however, though the Court has "strained [its] proper role in adversary proceedings to the limit" in searching the complaint, it could identify no plausible cause of action therein. Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). The Court finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

7016 3010 0000 4308 3662

Therefore, pursuant to its inherent authority, the Court *sua sponte* dismisses Mr. Fowler El's complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their pro se status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Accordingly, for the foregoing reasons, the Court DISMISSES Mr. Fowler El's complaint for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Mr. Fowler El's complaint without prejudice and return any pending or future filings associated with this claim to Mr. Fowler El.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge